*3 Opinion of the’ Court,
by Ch. J. Boyle.
THIS was a motion made by Pemberton, in the county court of Franklin county, for a judgment against Brown as sheriff and collector of the county levy, the sum of eight dollars, ordered to be paid to ton at November term, 1821, when the levy for year was laid. The order making the allowance to Pemberton, Was produced on the trial of the motion, and Brown was proved to have been the sheriff and collector of the county levy out of which the sum allowed to Pemberton was to be paid; but it was proved *4 by Brown that this motion was made for the use of White, to whom Pemberton had transferred the claim in question, and that. White had been the acting deputy of the sheriff who immediately preceded Brown’s term of the office, and that White, after returning his list of delinquents in payment of the county levy, had collected divers sums of money from the persons so returned delinquents, but what sums could not be stated, and had failed to account for the sums so collected. The court, therefore, refused to give judgment for the plaintiff, until a settlement was made with White, which the court offered to do by appointing commissioners for thait purpose; but White refusing to accede to the offer, the court overruled the motion and gave judgment for costs against the plaintiff, to which he prosecutes this writ of error.
It is questionable, whether, under the circumstances of this case, the amount received by White from those he had returned as delinquents, could have been used as a compensation or set-off against the present demand, if even the amount so received by him had been ascertained, and had been equal to, or greater than the amount of the present demand; but, most indisputably, as the amount so received by White was wholly unknown, it could afford no legitimate ground of resisting the present demand upon the score of a compensation or set-off. Nor can we concur with the county court in the opinion that the refusal of YV’hite to make a settlement of' the sums he had collected from delinquents, was a legal ground of defence to the present claim, if he was under no legal obligation to account for the sums he had so received, his refusal to make a settlement most obviously could constitute no defence; and if he was under a legal obligation, as we are inclined to think he was, to account for the sums so received by him, still his refusal to make the settlement required of him could not be a ground upon which the defendant could resist the present demand; for although in such a case he is compellable to account, the withholding a demand which he is entitled to, whether in his own name or that of another, is not one of the modes pointed out by law to compel him to account.
The judgment of the county court must be reversed with costs, and the cause remanded, that a judgment may be entered for the plaintiff in the motion.